Tiega-Noel Varlack, Esq. (SBN 248203)
**VARLACK LEGAL SERVICES**
Gatehouse Plaza
1290 B Street, Suite 208
Hayward, CA 94541
Phone: (510)-397-2008
Fax:     (510)-397-2997
E-mail: tiega@varlacklegal.com

Attorney for the Plaintiff,
MARIO JIMENEZ, JR.

## IN THE UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO JIMENEZ, JR.<br><br>　　　　Plaintiff,<br><br>　　　　vs.<br><br>COUNTY OF SAN JOAQUIN; COUNTY OF SAN JOAQUIN SHERIFF'S DEPARTMENT AND OFFICERS DOES 1-50,<br><br>　　　　Defendants. | Case No.:<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES**<br><br>　1.　**Violation of Fourth and Fourteenth Amendment Rights**<br>　2.　**42 U.S.C. Section 1983**<br>　3.　**Violation of U.S.C. Section 1981**<br><br>**JURY TRIAL DEMANDED** |

　　　Plaintiff, MARIO JIMENEZ, JR. ("Plaintiff"), by and through his undersigned attorney bring this action against Defendants, COUNTY OF SAN JOAQUIN; COUNTY OF SAN JOAQUIN SHERIFF'S DEPARTMENT AND OFFICERS DOES 1-50 ("Defendants") for the following civil rights violations:

　1.　**Violation of Fourth and Fourteenth Amendment rights**
　2.　**42 U.S.C. Section 1983**
　3.　**Violation of U.S.C. Section 1981**

　　　Plaintiff complains and allege as follows:

## I. THE PARTIES

1. Plaintiff, MARIO JIMENEZ, JR. is an individual and at all times mentioned herein is a resident of San Joaquin County, State of California.

2. Defendant, COUNTY OF SAN JOAQUIN, is a municipal corporation, under the laws of the State of California, and which is located within this Court's Eastern District. It also represents itself to be a "person," for application of State of California law, in this Court. *See, City of Sacramento v. Wells Fargo & Co.*, USDC-Eastern Dist., Case No. 2:18-cv-00416-KJM-AC, 50:10-12 (2018). For purposes of section 1983, all allegations against it are based on execution of its policy or custom from which Plaintiffs have suffered injury, and is considered a "person," under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 688, 694 (1978).

3. Defendant, SAN JOAQUIN COUNTY POLICE DEPARTMENT is incorporated in the State of California with a place of business located at 7000 Michael Canlis Blvd., French Camp, CA 95231.

4. Plaintiffs are ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 50, inclusive, and therefore sues them by such fictitious names. Plaintiffs will amend this complaint to allege the true names and capacities of said Defendants when the same has been ascertained. Plaintiffs are informed and believes and thereon alleges that each of the fictitiously named Defendants are responsible in some manner for the acts complained of herein. Unless otherwise stated, all references to named Defendants shall include the Doe Defendants as well.

## II. JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this suit pursuant to 28 U.S.C. § 1331 and has supplemental jurisdiction over Plaintiffs' state law claims. The claims constitute the same case and controversy raised in the claims under federal law.

6. The Eastern District of California has personal jurisdiction over the Defendants because the Defendant has headquarters in and transacts significant business in the State of California and in this District.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5 (f) because Defendant conducts substantial business in the Eastern District of California, and because, upon information and belief, unlawful practices originated in this District.

### III. FACTUAL ALLEGATIONS

8. On or about April 27, 2021, Plaintiff was inside his house and deputy sheriff broke his front door searched Plaintiff's house, arrested, and imprisoned him without a warrant.
9. Plaintiff's house was broken, his front door was damaged, and his personal property was taken.
10. Deputy sheriffs did not follow the law and arrested Plaintiff on false accusations made by an unreliable person.
11. Plaintiff lost his employment because of the false arrest based on false accusations.
12. Plaintiff was imprisoned falsely with no attorney privileges, beaten for no reason, given rotten food, locked up more than 24 hours and was threatened by correctional officers.
13. Plaintiff was not allowed to see judge within 48-72 hours, not allowed a phone call and this resulted in his termination from employment.

### IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

14. Exhaustion is not a prerequisite to an action under 42 U.S.C. section 1983. To the extent Plaintiffs make claims under state law, a timely claim has been submitted to Defendants, and has been exhausted.

### V. CAUSES OF ACTION
### FIRST CAUSE OF ACTION
### For Violation of Fourth and Fourteenth Amendment Rights
### (As to all defendants)

15. Plaintiffs reallege and incorporate by reference each paragraph above as if fully set forth herein.
16. Defendants and their employees acted maliciously to deprive Plaintiff of constitutionally protected rights including but not limited to the :
    a. The right to be free from unreasonable searches and seizures as guaranteed by the fourth amendment to the United States Constitution.
    b. The right to be free from the use of excessive force by police officers, which is guaranteed by the fourth, fifth and fourteenth amendments to the United States Constitution.

    c. The right not to be deprived of life, liberty, or property without due process of law as guaranteed by the fifth and fourteenth amendments to the Unites States Constitution.

    d. The right to equal protection of the laws as guaranteed by the fourteenth amendment to the United States Constitution; and

    e. The right to be free from interferences with the zone of privacy protected by the fourth and ninth amendment to the United States Constitution.

17. Defendant's employees searched plaintiff's house without reasonable suspicion and arrested him without probable cause.

18. As a result of their misconduct, Defendants are liable for Plaintiff's injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

19. Wherefore, Plaintiff prays as hereinafter set forth.

### SECOND CAUSE OF ACTION
### 42 U.S.C. § 1983
### (As to all defendants)

20. Plaintiffs reallege and incorporate by reference each paragraph above as if fully set forth herein.

21. As against Defendants, County of San Joaquin, San Joaquin County Police Department/Sheriff's Department and its officers and Does1-50 in their individual and official capacities, Plaintiff further alleges that the acts and/or omissions alleged in the complaint herein are indicative and representative of a repeated course of conduct by members of the San Joaquin County Police Department/Sheriff's Department tantamount to a custom, policy or repeated practice of condoning and tacitly encouraging the disregard for the constitutional rights of citizens.

22. Plaintiff is further informed and believes and thereon alleges that the acts and/or omissions alleged herein are the direct and proximate result of the deliberate indifference of Defendants, County of San Joaquin, San Joaquin County Police Department, and its officers and Does 1- 50, and/or each of them, to repeated acts of Police Officers' misconduct which were tacitly authorized, encouraged or condones by the County of San Joaquin, San Joaquin County Police Department, and its officers and Does 1- 50 and each of them.

23. The injuries to Plaintiff were foreseeable and proximate result of said customs, Policies, patterns and/or practices of Defendants, County of San Joaquin, San Joaquin County Police Department, and its officers and Does 1- 50 and each of them. Plaintiff is further informed and believes and

thereon allege that the injuries and damages sustained by Plaintiff, as alleged herein, were the direct and proximate result of municipal customs and/or policies od deliberate indifference in the training, supervision and/or discipline of members of the Defendants.

24. Plaintiff is further informed and believes and thereon allege that the injuries and damages sustained by Plaintiff, were caused by customs, policies, patterns, or practices of the County of San Joaquin, San Joaquin County Police Department, and its officers and Does 1- 50 and each of them, of deliberate indifference in training, supervision and/or discipline of Police Officers and Does 1-50, and/or each of them.

25. The aforementioned customs, policies or practices of defendants County of San Joaquin, San Joaquin County Police Department, and its officers and Does 1- 50 and each of them, resulted in the deprivation of the constitutional rights of Plaintiff, including but not limited to the following:
    a. The right to be free from unlawful search and seizure and excessive force;
    b. The right to be free from discrimination based on race and/or gender; and
    c. The right to equal protection of the law.

26. Said rights are substantive guarantees under the fourth and fourteenth amendments of the Unites states constitution.

27. As a result of the foregoing, Plaintiff suffered great physical pain and emotional distress till now, loss of employment, and loss of earning capacity.

28. The conduct of Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff, and therefore warrants the imposition of exemplary and punitive damages as to Defendants.

29. Wherefore Plaintiff prays as hereinafter set forth.

**THIRD CAUSE OF ACTION**
**For Violation of U.S.C. § 1981**
**(As to all defendants)**

30. Plaintiffs reallege and incorporate by reference each paragraph above as if fully set forth herein.

31. Defendants County of San Joaquin, San Joaquin County Police Department, and its officers and Does 1- 50, in committing the acts described above, engaged in the discriminatory misuse of government power; the above-described acts of Defendants, and each of them, further deprived Plaintiff of the right protected pursuant to 42 U.S.C. Section 1981, to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed citizens of the

United States, and to be subjected to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other; and

32. The conduct of Defendants, and each of them, was committed with the intent to deprive Plaintiff of the above described rights.

33. As a result of the violation of Plaintiff's constitutional rights as alleged herein, Plaintiff suffered injuries and damages including but not limited to, pain and suffering; emotional distress; mental anguish; loss of enjoyment of life; special damages; including but not limited to future income.

34. The conduct of Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to Defendants.

35. Wherefore Plaintiff prays as hereinafter set forth.

### **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, MARIO JIMENEZ, JR. prays for judgment against Defendants, County of San Joaquin; San Joaquin County Police Department and its Officers as follows:

i. For compensatory, special, and general damages according to proof against Defendants including both general damages and punitive damages under federal and state law;

ii. For punitive damages against the individual defendants in an amount to be proven at trial;

iii. For statutory damages;

iv. For interest;

v. For reasonable attorney's fees, including litigation expenses;

vi. For costs of Suit; and

vii. For such other relief as the court may deem just proper and appropriate.

Respectfully submitted,

DATED: August 4, 2022                                              VARLACK LEGAL SERVICES

By: _____
Tiega-Noel Varlack, Esq.
Attorney for Plaintiff,
MARIO JIMENEZ, JR.

**JURY TRIAL DEMANDED**

Plaintiff hereby demands a jury trial.