**MAYALL HURLEY, P.C.**
A Professional Corporation
2453 Grand Canal Boulevard, Second Floor
Stockton, California 95207-8253
Telephone: (209) 477-3833
MARK E. BERRY, ESQ.
CA State Bar No. 155091

Attorneys for Defendants,
COUNTY OF SAN JOAQUIN,
COUNTY OF SAN JOAQUIN
SHERIFF'S DEPARTMENT

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARIO JIMENEZ,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF SAN JOAQUIN, COUNTY OF SAN JOAQUIN SHERIFF' DEPARTMENT AND OFFICERS DOES 1-50<br><br>Defendants. | Case No. 2:22-cv-01387-MCE-KJN<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

Defendant, COUNTY OF SAN JOAQUIN and COUNTY OF SAN JOAQUIN SHERIFF'S DEPARTMENT (herein collectively identified as COUNTY OF SAN JOAQUIN) answers the plaintiff's complaint as follows:

As for the allegations contained within paragraph 1, the plaintiff asserts legal contentions to which no response is required.

As for the allegations contained within paragraph 2, the plaintiff asserts legal contentions to which no response is required. The COUNTY OF SAN JOAQUIN admits that it is a municipal entity incorporated under the laws of the State of California.

As for the allegations contained within paragraph 3, there is no such entity as the San Joaquin County Police Department. The COUNTY OF SAN JOAQUIN admits that the San Joaquin County Sheriff's Department is a department operating within the COUNTY OF SAN JOAQUIN.

As for the allegations contained within paragraph 4, the plaintiff asserts legal contentions to which no response is required.

As for the allegations contained within paragraph 5, the plaintiff asserts legal contentions to which no response is required.

As for the allegations contained within paragraph 6, the plaintiff asserts legal contentions to which no response is required.

As for the allegations contained within paragraph 7, the plaintiff asserts legal contentions to which no response is required.

As for the allegations contained within paragraph 8, they are denied. The COUNTY OF SAN JOAQUIN admits that COUNTY OF SAN JOAQUIN sheriff deputies forcibly entered the plaintiff's residence via the front door while JIMENEZ was outside. JIMENEZ was arrested while outside his residence.

As for the allegations contained within paragraph 9, they are denied. The COUNTY OF SAN JOAQUIN admits that sheriff deputies forcibly entered the plaintiff's residence via the front door and thereafter recovered particular property for evidentiary purposes. The items recovered are particularly identified in COUNTY OF SAN JOAQUIN Sheriff's Department report 21-9208.

As for the allegations contained within paragraph 10, they are denied.

As for the allegations contained within paragraph 11, the plaintiff asserts legal contentions to which no response is required.

As for the allegations contained within paragraph 12, the plaintiff asserts legal contentions to which no response is required. To the extent the plaintiff asserts factual contentions, they are denied.

As for the allegations contained within paragraph 13, the plaintiff asserts legal contentions to which no response is required. To the extent the plaintiff asserts factual contentions, they are denied.

As for the allegations contained within paragraph 14, the plaintiff asserts legal contentions to which no response is required. To the extent the plaintiff asserts factual contentions, they are denied.

As for the allegations contained within paragraph 15, the plaintiff asserts legal contentions to which no response is required.

As for the allegations contained within paragraph 16, the plaintiff asserts legal contentions to which no response is required.

As for the allegations contained within paragraph 17, the plaintiff asserts legal contentions to which no response is required. To the extent the plaintiff asserts factual contentions, they are denied.

As for the allegations contained within paragraph 18, the plaintiff asserts legal contentions to which no response is required. To the extent the plaintiff asserts factual contentions, they are denied.

As for the allegations contained within paragraph 19, the plaintiff asserts legal contentions to which no response is required.

As for the allegations contained within paragraph 20, the plaintiff asserts legal contentions to which no response is required.

As for the allegations contained within paragraph 21, the plaintiff asserts legal contentions to which no response is required. To the extent the plaintiff asserts factual contentions, they are denied.

As for the allegations contained within paragraph 22, the plaintiff asserts legal contentions to which no response is required. To the extent the plaintiff asserts factual contentions, they are denied.

As for the allegations contained within paragraph 23, the plaintiff asserts legal contentions to which no response is required. To the extent the plaintiff asserts factual contentions, they are denied.

As for the allegations contained within paragraph 24, the plaintiff asserts legal contentions to which no response is required. To the extent the plaintiff asserts factual contentions, they are denied.

As for the allegations contained within paragraph 25, the plaintiff asserts legal contentions to which no response is required. To the extent the plaintiff asserts factual contentions, they are denied.

As for the allegations contained within paragraph 26, the plaintiff asserts legal contentions to which no response is required.

As for the allegations contained within paragraph 27, the plaintiff asserts legal contentions to which no response is required.

As for the allegations contained within paragraph 28, the plaintiff asserts legal contentions to which no response is required. To the extent the plaintiff asserts factual contentions, they are denied.

As for the allegations contained within paragraph 29, the plaintiff asserts legal contentions to which no response is required.

As for the allegations contained within paragraph 30, the plaintiff asserts legal contentions to which no response is required.

As for the allegations contained within paragraph 31, the plaintiff asserts legal contentions to which no response is required. To the extent the plaintiff asserts factual contentions, they are denied.

As for the allegations contained within paragraph 32, they are denied.

As for the allegations contained within paragraph 33, the plaintiff asserts legal contentions to which no response is required. To the extent the plaintiff asserts factual contentions, they are denied.

As for the allegations contained within paragraph 34, the plaintiff asserts legal contentions to which no response is required. To the extent the plaintiff asserts factual contentions, they are denied.

As for the allegations contained within paragraph 35, the plaintiff asserts legal contentions to which no response is required.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE - FAILURE TO MITIGATE

That the plaintiff, by the exercise of reasonable effort, could have mitigated reduced the amount of claimed damages; however, plaintiff did not, and failed to exercise such reasonable efforts at mitigation, all to defendant's detriment.

### SECOND AFFIRMATIVE DEFENSE – PRIVILEGE

Defendant alleges that at all times herein mentioned, the acts complained of, if any there were, were privileged under applicable federal and state statutes and/or case law.

### THIRD AFFIRMATIVE DEFENSE - ACTS OF OTHERS

That in addition to plaintiff, there were persons other than this answering defendant which were negligent in and about the matters and things alleged in plaintiff's Complaint and said negligence of others proximately caused or contributed to the injuries and damages sustained by plaintiff, if any.

### FOURTH AFFIRMATIVE DEFENSE - FAILURE TO STATE FACTS

That plaintiff's Complaint, and each of the alleged causes of action contained therein, fails to state facts sufficient to constitute a cause of action against this answering defendant.

### FIFTH AFFIRMATIVE DEFENSE – ABSENCE OF DELIBERATE INDIFFERENCE

The COUNTY OF SAN JOAQUIN alleges that, at all times material, it acted reasonably, without malice or deliberate indifference, within the scope of all legislatively

granted authority, and with a reasonable belief in the lawfulness of his conduct.

**SIXTH AFFIRMATIVE DEFENSE – COMPARATIVE FAULT**

The COUNTY OF SAN JOAQUIN alleges that the plaintiff did not exercise ordinary care, caution or to avoid the incident described in the Complaint, and his resulting injuries and damages, if any, were proximately caused and contributed to by the plaintiff's own fault, carelessness, and negligence.

**SEVENTH AFFIRMATIVE DEFENSE – GOVERNMENT CLAIMS COMPLIANCE**

The COUNTY OF SAN JOAQUIN alleges that to the extent the plaintiff alleges or asserts matters not contained in a legally sufficient claim filed by him, this action is barred by the claims requirement set forth in Government Code sections 905 et seq.

**EIGHTH AFFIRMATIVE DEFENSE - MONELL LIABILITY**

COUNTY OF SAN JOAQUIN alleges that at all time material, the COUNTY OF SAN JOAQUIN maintained policies, practices, and procedures that are compliant with federal law and that any claim asserted by the plaintiff was not the result of an unconstitutional policy, practice, or procedure.

**NINTH AFFIRMATIVE DEFENSE - ASSUMPTION OF RISK**

At all times material in the plaintiff' Complaint, the plaintiff knew all of the conditions and circumstances of his behavior and did freely and voluntarily assume any and all risks, if any there were, and that any injuries or damages sustained by the plaintiff were legally caused or contributed to by his assumption of these risks.

**DEMAND FOR JURY TRIAL**

The defendant, COUNTY OF SAN JOAQUIN, herein demands a jury trial.

**RELIEF**

Defendant COUNTY OF SAN JOAQUIN hereby requests that the plaintiff recover nothing by way of his Complaint and that it recover statutory costs.

DATED: December 27, 2022

**MAYALL HURLEY, P.C.**

By *\/s/ Mark E. Berry*

MARK E. BERRY
Attorney for Defendants
COUNTY OF SAN JOAQUIN,
COUNTY OF SAN JOAQUIN
SHERIFF'S DEPARTMENT